# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UPEN A. PANDYA and
MADHURI U. PANDYA, individually
and as husband and wife, and
PURVA U. PANDYA, individually,
and VEER U. PANDYA,
individually,

        Plaintiffs

      v.

MILAN KORMAN and
TRIPLE CROWN SERVICES
COMPANY, and
TCV, INC., t/d/b/a TRIPLE CROWN
SERVICES, a/k/a
TRIPLE CROWN SERVICES
COMPANY, and
TRANSWORKS, INC., t/d/b/a
TRIPLE CROWN SERVICES, a/k/a
TRIPLE CROWN SERVICES
COMPANY, and
TCS LEASING, INC., t/d/b/a
TRIPLE CROWN SERVICES,
a/k/a TRIPLE CROWN SERVICES
COMPANY

        Defendants

NO.: 5:14-cv-02304-JLS

CIVIL ACTION - LAW

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT

AND NOW, come the Plaintiffs, Upen A. Pandya and Madhuri U. Pandya, individually and as husband and wife, and Purva U. Pandya, individually, and Veer U. Pandya, individually, by and through their attorneys, Gregory W. Bair, II, Esquire, and Walter A. Tilley, III, Esquire, of the law offices of Stock and Leader, LLP, and file the within Complaint and in support thereof aver as follows:

## JURISDICTION

1.      The jurisdiction of this Court is based upon 28 U.S.C. §1332 in that this Court has diversity jurisdiction over this matter and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

2.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. 1391 because the cause of action on the claims occurred in Lehigh County, Pennsylvania.

## THE PARTIES

3. Plaintiff, Upen A. Pandya ("Mr. U. Pandya"), is an adult individual who resides at 475 Lakeview Drive, Spring Grove, York County, Pennsylvania 17362.

4. Plaintiff, Madhuri U. Pandya ("Mrs. Pandya"), is an adult individual who resides at 475 Lakeview Drive, Spring Grove, York County, Pennsylvania 17362.

5. Plaintiff, Purva U. Pandya ("Ms. Pandya"), is an adult individual who resides at 475 Lakeview Drive, Spring Grove, York County, Pennsylvania 17362.

6. Plaintiff, Veer U. Pandya ("Mr. V. Pandya"), is an adult individual who resides at 475 Lakeview Drive, Spring Grove, York County, Pennsylvania 17362.

7. Defendant, Milan Korman ("Mr. Korman"), is an adult individual whose last known address is 52 Albert Drive, Parlin, New Jersey 08859.

8. Defendant, Triple Crown Services Company, is a Delaware general partnership, which is 50% owned by Defendant Transwork, Inc. and 50% owned by Defendant TCV, Inc. Triple Crown Services Company's principle place of

business is located at 2720 DuPont Commerce Court, Fort Wayne, Indiana 46825-2394.

9.      Defendant, TCV, Inc., ("Triple Crown") is a Delaware Corporation, registered to do business in Pennsylvania under the name of Triple Crown Services, with a business address of 3 Commercial Place, Norfolk, Virginia 23510, and is a common carrier of goods.

10.     Defendant, TCS Leasing, Inc., ("Triple Crown") is an Oklahoma corporation, trading and doing business as Triple Crown Services, with a business address of c/o Norfolk South Corp., Corporate Secretary, 3 Commercial Place, Norfolk, Virginia 23510, and is a common carrier of goods.

11.     Defendant, Transworks, Inc., ("Triple Crown") is a Virginia corporation, trading and doing business as Triple Crown Services Company, with a business address of 3 Commercial Place, Norfolk, Virginia 23510, and is a common carrier of goods.

12.     Defendants, Triple Crown Services Company, TCV, Inc., TCS Leasing, Inc., and Transworks, Inc., are hereinafter referred to collectively as "Defendants, Triple Crown", or "Triple Crown."

## FACTUAL BACKGROUND

13.     Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth at length.

14.     For all times relevant, Veer Pandya was the operator of a 2006 Honda Odyssey minivan, bearing a Pennsylvania license plate number GMN6493 ("the vehicle" or "the Pandya vehicle").   The 2006 Honda Odyssey minivan was registered to Mrs. Pandya and owned by Mr. U. and Mrs. Pandya.   For all times relevant, Mr. U. Pandya, Mrs. Pandya, and Ms. Pandya were passengers in the vehicle being driven by Mr. V. Pandya.

15.     For all times relevant, Mr. Korman was the operator of a 2000 Volvo 610 Apportioned Tractor Trailer ("truck") bearing an Indiana license plate number 205699 and was the agent, servant, employee, and/or contractor of Defendants, Triple Crown, and acting or failing to act at all times with the course and scope of his work duties or otherwise in furtherance of the business of Defendants, Triple Crown.

16.     Based upon information and belief, for all times relevant, Triple Crown Services Company and/or TCS Leasing, Inc., was the owner of a 2000 Volvo 610 Apportioned Tractor Trailer ("truck") bearing the Indiana license plate

number 205699 and driven by Defendant Korman, who was the agent, servant, employee, and/or contractor of Defendants, Triple Crown, and acting or failing to act at all times with the course and scope of his work duties or otherwise in furtherance of its business Defendants, Triple Crown are therefore vicariously liable for the conduct of Mr. Korman.

17. On or about May 25, 2012, at approximately 8:14 p.m., Mr. V. Pandya was operating the above-mentioned 2006 Honda Odyssey minivan northbound in the right-hand lane of Pennsylvania State Route 222 bypass near the intersection of Krocks Road in Lower Macungie Township, Lehigh County, Pennsylvania. At approximately 8:14 p.m., Mr. V. Pandya was stopped at a traffic signal displaying a constant red light.

18. At or about that time, Defendant Korman, was operating a truck owned by Defendants, Triple Crown, also in the right-hand lane of Pennsylvania State Route 222 bypass near the intersection of Krocks Road in Lower Macungie Township, Lehigh County, Pennsylvania and was immediately behind the Pandya vehicle.

19. While the Pandya vehicle remained at a complete stop at a constant red light on Pennsylvania State Route 222 bypass near Krocks Road in Lower

Macungie Township, Leigh County, Pennsylvania, due to the negligence, willfulness, wantonness, recklessness, and carelessness of the Defendants named herein as more fully set for the below, the Pandya vehicle was suddenly and without warning rear-ended by the tractor-trailer owned by Defendants, Triple Crown, and being operated by Defendant Korman at the aforesaid location; thereby causing the Plaintiffs to sustain severe and debilitating injuries as more fully set forth below.

20.     At the above date and time, Mr. Korman operated the Triple Crown truck in such a manner as to not be capable of stopping within the assured clear distance ahead and failed to stop the truck, resulting in a violent collision with the rear of the Pandya vehicle.

21.     After the initial impact by the truck, which was being operated by Mr. Korman and was owned by Triple Crown, the Pandya vehicle was violently pushed across the left, northbound land of Pennsylvania State Route 222 bypass and onto the center, concrete median, which separates the divided highway.  The Pandya vehicle came to rest facing a northwesterly direction.

22.     At all times material hereto, all Defendants, either, individually and/or jointly and severally, acted in a negligent, willful, wanton, reckless and careless

manner, which actions were the direct and proximate cause of the collision and all of the Plaintiffs' injuries.

23.    These violent collisions, which were caused by Defendants, resulted in Mr. U. Pandya sustaining severe and permanent injuries as more fully stated herein.

24.    The injuries that Mr. U Pandya sustained were caused as a result of the negligent, careless, and reckless conduct of all Defendants.    These injuries include, but are not limited to, the following:

     a.    Cervical Spine injury;

     b.    Lumbar Spine injury;

     c.    Thoracic Spine injury;

     d.    Head – concussion, pain, dizziness, photophobia, phonophobia, memory loss; difficulty with cognitive functions;

     e.    Eyes – dysfunction;

     f.    Abdomen – nausea;

     g.    Joint Pain and Myalgia;

     h.    Muscle pain and weakness.

25. The injuries that Mrs. Pandya sustained were caused as a result of the negligent, careless, and reckless conduct of all Defendants. These injuries include, but are not limited to, the following:

      a.    Cervical Spine injury;

      b.    Thoracic Spine injury;

      c.    Lumbar Spine injury;

      d.    Shoulders - injuries;

      e.    Head – dizziness, giddiness, pain;

      f.    Arms – injuries;

      g.    Chest injury;

      h.    Muscle pain and weakness.

26. The injuries that Ms. Pandya sustained were caused as a result of the negligent, careless, and reckless conduct of all Defendants. These injuries include, but are not limited to, the following:

      a.    Head – concussion; hearing loss, memory loss, loss of cognitive functioning, pain, dizziness;

      b.    Cervical Spine injury;

      c.    Shoulders injuries;

d.    Ears injury;

e.    Mood Changes;

f.    Myofascial Pain; and

g.    Muscle pain and weakness, limitation of joint motion, postural imbalance, balance impairment.

27.    The injuries that Mr. V Pandya sustained were caused as a result of the negligent, careless, and reckless conduct of all Defendants. These injuries include, but are not limited to, the following:

a.    Cervical Spine injury;

b.    Thoracic Spine injury;

c.    Lumbar Spine injury;

d.    Muscle pain and weakness; and

e.    Head injury.

28.    The injuries suffered by the Plaintiffs were caused as a result of the individual, joint, and/or joint and several negligence, carelessness and recklessness of Mr. Korman and Defendants, Triple Crown. The Plaintiffs' injuries and resulting damages were caused in no way or manner by any act or failure to act on the part of Mr. U. Pandya, Mrs. Pandya, Ms. Pandya, and/or Mr. V. Pandya.

29.     Plaintiffs believe, and therefore aver, that the aforesaid injuries are permanent and/or may be permanent, that medical and rehabilitative attention will be required in the future, and that Plaintiffs Upen Pandya, Madhuri Pandya and Purva Pandya, have suffered permanent disabilities and pain and suffering, and further, that the pain and suffering already experienced in the past will continue indefinitely and permanently into the future, for which claim is made.

30.     As a result of the Defendants' actions and failures to act as hereinafter set forth, Mr. U. Pandya has been obligated to undergo significant medical care and treatment and rehabilitation in and about an effort to treat the injuries he received. Mr. U. Pandya will have to undergo continued medical care and treatment and rehabilitation into the future, for which claim is made.

31.     As a result of the Defendants' actions and failures to act as hereinafter set forth, Mrs. Pandya has been obligated to undergo significant medical care and treatment and rehabilitation in and about an effort to treat the injuries she received. Mrs. Pandya will have to undergo continued medical care and treatment and rehabilitation into the future, for which claim is made.

32.     As a result of the Defendants' actions and failures to act as hereinafter set forth, Ms. Pandya has been obligated to undergo significant medical care and

treatment and rehabilitation in and about an effort to treat the injuries she received. Ms. Pandya will have to undergo continued medical care and treatment and rehabilitation into the future, for which claim is made.

33.    As a result of the Defendants' actions and failures to act as hereinafter set forth, Mr. V. Pandya has been obligated to undergo medical care and treatment in an effort to treat the injuries he received.

34.    As a result of the Defendants' actions and failures to act as hereinafter set forth, Plaintiffs have been obligated to expend, and have expended, various and diverse sums of money for medicines and medical and rehabilitative care and treatment in and about an effort to treat the injuries each of the Plaintiffs received, all for which claim is made.

35.    Mr. U. Pandya will also be obligated to receive, and undergo, medical and rehabilitative care and treatment for an indefinite period of time into the future and will incur medical bills and expenses into the future for care and treatment, including medicines, all for which claim is made.

36.    Mrs. Pandya will also be obligated to receive, and undergo, medical and rehabilitative care and treatment for an indefinite period of time into the future

and will incur medical bills and expenses into the future for care and treatment, including medicines, all for which claim is made.

37.     Ms. Pandya will also be obligated to receive, and undergo, medical and rehabilitative care and treatment for an indefinite period of time into the future and will incur medical bills and expenses into the future for care and treatment, including medicines, all for which claim is made.

38.     As a further result of the aforesaid injuries and the conduct of the Defendants, Mr. U. Pandya has sustained a permanent diminution in his ability to enjoy life and life's pleasures, for which claim is made.

39.     As a further result of the aforesaid injuries and the conduct of the Defendants, Mrs. Pandya has sustained a permanent diminution in her ability to enjoy life and life's pleasures, for which claim is made.

40.     As a further result of the aforesaid injuries and the conduct of the Defendants, Ms. Pandya has sustained a permanent diminution in her ability to enjoy life and life's pleasures, for which claim is made.

41.     As a further result of the aforesaid injuries and the Defendants' conduct, Mr. V. Pandya has sustained a diminution in his ability to enjoy life and life's pleasures, for which claim is made.

42.     As a further result of his injuries and the conduct of the Defendant, Mr. U. Pandya has suffered and incurred lost past wages and will suffer lost future wages and has suffered a significant impairment of his earning capacity and power in the future, all for which claim is made.

43.     As a further result of her injuries and the conduct of the Defendant, Mrs. Pandya has suffered and incurred lost past wages and will suffer lost future wages and has suffered a significant impairment of her earning capacity and power in the future, all for which claim is made.

44.     As a further result of her injuries and Defendants' conduct, Ms. Pandya has suffered and incurred lost past wages and will suffer lost future wages and has suffered a significant impairment of her earning capacity and power in the future, all for which claim is made.

45.     The negligence, carelessness and recklessness of the Defendants consisted of but is not limited to:

## Count I

## **<u>PLAINTIFF  UPEN A. PANDYA v. DEFENDANT MILAN KORMAN</u>**

## NEGLIGENCE

46.     Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth at length.

47.     Mr. U. Pandya believes that the injuries and damages he suffered were caused by the negligent, careless and reckless conduct of Mr. Korman, acting individually, jointly, and/or jointly and severally with Defendants, Triple Crown, and that said conduct consisted of one or more of the following acts or omissions of Defendant Korman:

  a.     failing to have his motor vehicle under proper control;

  b.     failing to maintain his vehicle in a safe and proper manner;

  c.     failing to give proper sound, signal, or warning, of the presence of his motor vehicle prior to colliding into another vehicle;

  d.     failing to keep proper lookout;

  e.     following too closely to other vehicles travelling on the highway in front of him;

f.      operating his vehicle at an unsafe speed given the existing traffic conditions;

g.      violating the rules of the road;

h.      failing to properly apply his brakes;

i.      failing to control his vehicle's speed so as to avoid a collision;

j.      driving at a unlawful, excessive, and dangerous rate of speed;

k.      following another vehicle more closely than is reasonable and prudent;

l.      failing to operate his vehicle at a speed in which he could maintain control of the vehicle;

m.      inattentiveness in the operation of his vehicle;

n.      failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Plaintiff's vehicle;

o.      failing to apply the brakes so as to come to a complete stop to avoid striking another vehicle;

p.      failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Pandya vehicle;

q.     failing to maintain a proper look-out and to bring his vehicle to a stop within the assured clear distance ahead;

r.     failing to stop within the assured clear distance ahead;

s.     rear-ending the Plaintiff's vehicle, which was then lawfully stopped at a red light;

t.     failing to stop for traffic;

u.     failing to stop at a red traffic signal;

v.     failing to take evasive action to avoid impacting Plaintiff's vehicle;

w.     operating his motor vehicle without regard to the rights and safety of the Plaintiffs;

x.     operating his vehicle too closely to the vehicle in front of his vehicle in violation of Pennsylvania Motor Vehicle code 3310(a);

y.     failing to follow state and federal rules and requirements for operating a commercial motor vehicle;

z.     carelessly operating his motor vehicle, in violation of 75 Pa.C.S. § 3714;

aa. violating the laws of the Commonwealth of Pennsylvania and the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Upen A. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count II

## PLAINTIFF, UPEN A. PANDYA v. DEFENDANTS, TRIPLE CROWN

## NEGLIGENCE

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth at length.

49. Plaintiff U. Pandya believes that the injuries and damages he suffered were caused by the negligent, careless and reckless conduct of Defendants, Triple Crown, and said conduct consisted of one or more of the following:

a. Entrusting its motor vehicle to Defendant Korman for use when Defendants, Triple Crown, knew, or in the exercise of reasonable care, should have

known that the Defendant Korman, was not capable of operating its motor vehicle safely and properly;

  b.    Entrusting its motor vehicle to Defendant Korman for use when the Defendanta, Triple Crown, knew, or in the exercise of reasonable care, should have known that the Defendant Korman was going to drive the vehicle in an improper, dangerous and reckless manner;

  c.    Permitting Defendant Korman, to use its vehicle when Defendants, Triple Crown, knew, or should have known, that he did not have sufficient driving experience or know how to operate the vehicle safely and properly;

  d.    Failing to properly maintain its vehicle in a safe condition;

  e.    Failing to ascertain whether Defendant Korman was capable of driving Triple Crown's motor vehicle safely and properly;

  f.    Failing to properly train Defendant Korman;

  g.    Permitting Defendant Korman to operate its motor vehicle when his driving record and history showed that he was not operating it safely;

  h.    Permitting Defendant Korman to operate its motor vehicle when he was not properly qualified to operate a commercial motor vehicle;

i.  Failing to maintain its vehicle in a safe and proper manner before giving it to Defendant Korman to drive;

j.  Failing to inspect its vehicle to assure that it was roadworthy prior to giving it to the Defendant Korman, to operate;

k.  Failing to ascertain whether Defendant Korman could safely operate a tractor-trailer;

l.  Entrusting the tractor-trailer to Defendant Korman though Defendants, Triple Crown, knew or should have known that Korman was not sufficiently skilled nor healthy to operate the tractor trailer;

m.  Hiring and employing Defendant Korman when Defendants, Triple Crown, knew or should have known that Defendant Korman was not sufficiently skilled, nor competent, nor healthy to safely operate the tractor-trailer

n.  Failing to ensure that Defendant Korman was in compliance with state and federal regulations for the operation of a commercial motor vehicle; and

o.  Failing to be in compliance with state and federal regulations for the operation of a commercial motor vehicle.

WHEREFORE, Plaintiff, Upen A. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count III

## PLAINTIFF, UPEN A. PANDYA v. DEFENDANTS, TRIPLE CROWN
## RESPONDENT SUPERIOR/VICARIOUS LIABILITY

50.     Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth at length.

51.     Defendant Korman, at all times relevant and material hereto, was a servant, employee, agent and/or ostensible agent of Defendants, Triple Crown, and was acting within the course and scope of his employment.

52.     Defendant Korman's willful, wanton, negligent, grossly negligent, careless and reckless conduct in causing the collision is imputable to his employer, Triple Crown.

53. At all times relevant, Defendants, Triple Crown, are vicariously liable to Plaintiff because Defendant Korman was driving Defendants', Triple Crown, truck in the furtherance of its business and/or, in the alternative, because Defendant Korman was acting within the scope of his work, employment and/or agency with the Defendants, Triple Crown.

54. The Plaintiff believes and therefore avers that the conduct or lack thereof on the part of the Defendants, Triple Crown, in entrusting its motor vehicle to the Defendant Korman, was so reckless and careless that it was outrageous and/or wanton and was in such disregard of the risk of harm to the Plaintiff's interest that Plaintiff is entitled to punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, Upen A. Pandya, demands compensatory damages and punitive damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count IV

## PLAINTIFF, MADHURI U. PANDYA v. DEFENDANT, MILAN KORMAN

## NEGLIGENCE

55.     Paragraphs 1 through 54 are incorporated herein by reference as though fully set forth at length.

56.     Mrs. Pandya believes that the injuries and damages she suffered were caused by the negligent, careless and reckless conduct of Mr. Korman, acting individually, jointly, and/or jointly and severally with Defendants, Triple Crown, and that said conduct consisted of one or more of the following acts or omissions of Defendant Korman:

      a.    failing to have his motor vehicle under proper control;

      b.    failing to maintain his vehicle in a safe and proper manner;

      c.    failing to give proper sound, signal, or warning, of the presence of his motor vehicle prior to colliding into another vehicle;

      d.    failing to keep proper lookout;

      e.    following too closely to other vehicles travelling on the highway in front of him;

f. operating his vehicle at an unsafe speed given the existing traffic conditions;

g. violating the rules of the road;

h. failing to properly apply his brakes;

i. failing to control his vehicle's speed so as to avoid a collision;

j. driving at a unlawful, excessive, and dangerous rate of speed;

k. following another vehicle more closely than is reasonable and prudent;

l. failing to operate his vehicle at a speed in which he could maintain control of the vehicle;

m. inattentiveness in the operation of his vehicle;

n. failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Plaintiff's vehicle;

o. failing to apply the brakes so as to come to a complete stop to avoid striking another vehicle;

p. failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Pandya vehicle;

q.      failing to maintain a proper look-out and to bring his vehicle to a stop within the assured clear distance ahead;

r.      failing to stop within the assured clear distance ahead;

s.      rear-ending the Plaintiffs' vehicle which was then lawfully stopped at a red light;

t.      failing to stop for traffic;

u.      failing to stop at a red traffic signal;

v.      failing to take evasive action to avoid impacting Plaintiff's vehicle;

w.      operating his motor vehicle without regard to the rights and safety of the Plaintiff;

x.      operating his vehicle too closely to the vehicle in front of his vehicle in violation of Pennsylvania Motor Vehicle code 3310(a);

y.      failing to follow state and federal rules and requirements for operating a commercial motor vehicle;

z.      carelessly operating his motor vehicle, in violation of 75 Pa.C.S. § 3714;

aa.    violating the laws of the Commonwealth of Pennsylvania and the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Madhuri U. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count V

## PLAINTIFF, MADHURI U. PANDYA v. DEFENDANTS, TRIPLE CROWN

## NEGLIGENCE

57.    Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth at length.

58.    Plaintiff Madhuri Pandya, believes that the injuries and damages she suffered were caused by the negligent, careless and reckless conduct of Defendants, Triple Crown, and said conduct consisted of one or more of the following acts or omissions by Defendants, Triple Crown:

a.      Entrusting its motor vehicle to Defendant Korman for use when Defendants, Triple Crown, knew, or in the exercise of reasonable care, should have known that the Defendant Korman, was not capable of operating its motor vehicle safely and properly;

b.      Entrusting its motor vehicle to Defendant Korman for use when the Defendant, Triple Crown, knew, or in the exercise of reasonable care, should have known that the Defendant Korman was going to drive the vehicle in an improper, dangerous and reckless manner;

c.      Permitting Defendant Korman, to use its vehicle when Defendants, Triple Crown, knew, or should have known, that he did not have sufficient driving experience or know how to operate the vehicle safely and properly;

d.      Failing to properly maintain its vehicle in a safe condition;

e.      Failing to ascertain whether Defendant Korman was capable of driving Triple Crown's motor vehicle safely and properly;

f.      Failing to properly train Defendant Korman;

g.      Permitting Defendant Korman to operate its motor vehicle when his driving record and history showed that he was not operating it safely;

h. Permitting Defendant Korman to operate its motor vehicle when he was not properly qualified to operate a commercial motor vehicle;

i. Failing to maintain its vehicle in a safe and proper manner before giving it to Defendant Korman to drive;

j. Failing to inspect its vehicle to assure that it was roadworthy prior to giving it to the Defendant Korman, to operate;

k. Failing to ascertain whether Defendant Korman could safely operate a tractor-trailer;

l. Entrusting the tractor-trailer to Defendant Korman though Defendants, Triple Crown, knew or should have known that Korman was not sufficiently skilled nor healthy to operate the tractor trailer;

m. Hiring and employing Defendant Korman when Defendants, Triple Crown, knew or should have known that Defendant Korman was not sufficiently skilled, nor competent, nor healthy to safely operate the tractor-trailer

n. Failing to ensure that Defendant Korman was in compliance with state and federal regulations for the operation of a commercial motor vehicle; and

o.     Failing to be in compliance with state and federal regulations for the operation of a commercial motor vehicle.

WHEREFORE, Plaintiff, Madhuri U. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count VI

## PLAINTIFF, MADHURI U. PANDYA v. DEFENDANTS, TRIPLE CROWN

## RESPONDENT SUPERIOR/VICARIOUS LIABILITY

59.     Paragraphs 1 through 58 are incorporated herein by reference as though fully set forth at length.

60.     Defendant Korman, at all times relevant and material hereto, was a servant, an employee, agent and/or ostensible agent of Defendants, Triple Crown, and was acting within the course and scope of his employment.

61.    Defendant Korman's willful, wanton, negligent, grossly negligent, careless and reckless conduct in causing the collision is imputable to his employer, Triple Crown.

62.    At all times relevant, Defendants, Triple Crown, are vicariously liable to Plaintiff because Defendant Korman was driving Defendant's, Triple Crown, truck in the furtherance of its business and/or, in the alternative, because Defendant Korman was acting within the scope of his work, employment and/or agency with the Defendants, Triple Crown.

63.    The Plaintiffs believe and therefore aver that the conduct or lack thereof on the part of the Defendants, Triple Crown, in entrusting its motor vehicle to the Defendant Korman, was so reckless and careless that it was outrageous and/or wanton and was in such disregard of the risk of harm to the Plaintiff's interest that Plaintiff is entitled to punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, Madhuri U. Pandya, demands compensatory damages and punitive damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount

in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count VII

## PLAINTIFF, PURVA U. PANDYA v. DEFENDANT, MILAN KORMAN

## NEGLIGENCE

64.     Paragraphs 1 through 63 are incorporated herein by reference as though fully set forth at length.

65.     Ms. Pandya believes that the injuries and damages she suffered were caused by the negligent, careless and reckless conduct of Mr. Korman, acting individually, jointly, and/or jointly and severally with Defendants, Triple Crown, and that said conduct consisted of one or more of the following acts or omissions of Mr. Korman:

    a.     failing to have his motor vehicle under proper control;

    b.     failing to maintain his vehicle in a safe and proper manner;

    c.     failing to give proper sound, signal, or warning, of the presence of his motor vehicle prior to colliding into another vehicle;

d.   failing to keep proper lookout;

e.   following too closely to other vehicles travelling on the highway in front of him;

f.   operating his vehicle at an unsafe speed given the existing traffic conditions;

g.   violating the rules of the road;

h.   failing to properly apply his brakes;

i.   failing to control his vehicle's speed so as to avoid a collision;

j.   driving at a unlawful, excessive, and dangerous rate of speed;

k.   following another vehicle more closely than is reasonable and prudent;

l.   failing to operate his vehicle at a speed in which he could maintain control of the vehicle;

m.   inattentiveness in the operation of his vehicle;

n.   failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Plaintiff's vehicle;

o.   failing to apply the brakes so as to come to a complete stop to avoid striking another vehicle;

p.    failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Pandya vehicle;

q.    failing to maintain a proper look-out and to bring his vehicle to a stop within the assured clear distance ahead;

r.    failing to stop within the assured clear distance ahead;

s.    rear-ending the Plaintiff's vehicle which was then lawfully stopped at a red light;

t.    failing to stop for traffic;

u.    failing to stop at a red traffic signal;

v.    failing to take evasive action to avoid impacting Plaintiff's vehicle;

w.    operating his motor vehicle without regard to the rights and safety of the Plaintiff;

x.    operating his vehicle too closely to the vehicle in front of his vehicle in violation of Pennsylvania Motor Vehicle code 3310(a);

y.    failing to follow state and federal rules and requirements for operating a commercial motor vehicle;

z.     carelessly operating his motor vehicle, in violation of 75 Pa.C.S. § 3714;

aa.     violating the laws of the Commonwealth of Pennsylvania and the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Purva U. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count VIII

## PLAINTIFF, PURVA U. PANDYA v. DEFENDANTS, TRIPLE CROWN

## NEGLIGENCE

66.     Paragraphs 1 through 65 are incorporated herein by reference as though fully set forth at length.

67.     Plaintiff Purva Pandya believes that the injuries and damages she suffered were caused by the negligent, careless and reckless conduct of

Defendants, Triple Crown, and said conduct consisted of one or more of the following acts or omissions of Defendants, Triple Crown:

a. Entrusting its motor vehicle to Defendant Korman for use when Defendants, Triple Crown, knew, or in the exercise of reasonable care, should have known that the Defendant Korman, was not capable of operating its motor vehicle safely and properly;

b. Entrusting its motor vehicle to Defendant Korman for use when the Defendant, Triple Crown, knew, or in the exercise of reasonable care, should have known that the Defendant Korman was going to drive the vehicle in an improper, dangerous and reckless manner;

c. Permitting Defendant Korman, to use its vehicle when Defendants, Triple Crown, knew, or should have known, that he did not have sufficient driving experience or know how to operate the vehicle safely and properly;

d. Failing to properly maintain its vehicle in a safe condition;

e. Failing to ascertain whether Defendant Korman was capable of driving Triple Crown's motor vehicle safely and properly;

f. Failing to properly train Defendant Korman;

g.    Permitting Defendant Korman to operate its motor vehicle when his driving record and history showed that he was not operating it safely;

h.    Permitting Defendant Korman to operate its motor vehicle when he was not properly qualified to operate a commercial motor vehicle;

i.    Failing to maintain its vehicle in a safe and proper manner before giving it to Defendant Korman to drive;

j.    Failing to inspect its vehicle to assure that it was roadworthy prior to giving it to the Defendant Korman, to operate;

k.    Failing to ascertain whether Defendant Korman could safely operate a tractor-trailer;

l.    Entrusting the tractor-trailer to Defendant Korman though Defendants, Triple Crown knew or should have known that Korman was not sufficiently skilled nor healthy to operate the tractor trailer;

m.    Hiring and employing Defendant Korman that Defendants, Triple Crown knew or should have known that Defendant Korman was not sufficiently skilled, nor competent, nor healthy to safely operate the tractor-trailer

n.    Failing to ensure that Defendant Korman was in compliance with state and federal regulations for the operation of a commercial motor vehicle; and

o.    Failing to be in compliance with state and federal regulations for the operation of a commercial motor vehicle.

WHEREFORE, Plaintiff, Purva U. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count IX

## PLAINTIFF, PURVA U. PANDYA v. DEFENDANTS, TRIPLE CROWN

## RESPONDENT SUPERIOR/VICARIOUS LIABILITY

68.    Paragraphs 1 through 67 are incorporated herein by reference as though fully set forth at length.

69. Defendant Korman, at all times relevant and material hereto, was a servant, an employee, agent and/or ostensible agent of Defendants, Triple Crown, and was acting within the course and scope of his employment.

70. Defendant Korman's willful, wanton, negligent, grossly negligent, careless and reckless conduct in causing the collision is imputable to his employer, Triple Crown.

71. At all times relevant, Defendants, Triple Crown, are vicariously liable to Plaintiff because Defendant Korman was driving Defendant's, Triple Crown, truck in the furtherance of its business and/or, in the alternative, because Defendant Korman was acting within the scope of his work, employment and/or agency with the Defendants, Triple Crown.

72. The Plaintiffs believe and therefore aver that the conduct or lack thereof on the part of the Defendants, Triple Crown, in entrusting its motor vehicle to the Defendant Korman, was so reckless and careless that it was outrageous and/or wanton and was in such disregard of the risk of harm to the Plaintiff's interest that Plaintiff is entitled to punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, Purva U. Pandya, demands compensatory damages and punitive damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count X

## PLAINTIFF, VEER U. PANDYA v. DEFENDANT, MILAN KORMAN

## NEGLIGENCE

73.     Paragraphs 1 through 72 are incorporated herein by reference as though fully set forth at length.

74.     Mr. V. Pandya believes that the injuries and damages he suffered were caused by the negligent, careless and reckless conduct of Mr. Korman, acting individually, jointly, and/or jointly and severally with Defendants, Triple Crown, and that said conduct consisted of one or more of the following acts or omissions of Mr. Korman:

    a.    failing to have his motor vehicle under proper control;

    b.    failing to maintain his vehicle in a safe and proper manner;

c.      failing to give proper sound, signal, or warning, of the presence of his motor vehicle prior to colliding into another vehicle;

d.      failing to keep proper lookout;

e.      following too closely to other vehicles travelling on the highway in front of him;

f.      operating his vehicle at an unsafe speed given the existing traffic conditions;

g.      violating the rules of the road;

h.      failing to properly apply his brakes;

i.      failing to control his vehicle's speed so as to avoid a collision;

j.      driving at a unlawful, excessive, and dangerous rate of speed;

k.      following another vehicle more closely than is reasonable and prudent;

l.      failing to operate his vehicle at a speed in which he could maintain control of the vehicle;

m.      inattentiveness in the operation of his vehicle;

n.      failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Plaintiff's vehicle;

o.    failing to apply the brakes so as to come to a complete stop to avoid striking another vehicle;

p.    failing to be attentive to other vehicles lawfully and properly on the roadway, such as the Pandya vehicle;

q.    failing to maintain a proper look-out and to bring his vehicle to a stop within the assured clear distance ahead;

r.    failing to stop within the assured clear distance ahead;

s.    rear-ending the Plaintiff's vehicle which was then lawfully stopped at a red light;

t.    failing to stop for traffic;

u.    failing to stop at a red traffic signal;

v.    failing to take evasive action to avoid impacting Plaintiff's vehicle;

w.    operating his motor vehicle without regard to the rights and safety of the Plaintiff;

x.    operating his vehicle too closely to the vehicle in front of his vehicle in violation of Pennsylvania Motor Vehicle code 3310(a);

y.     failing to follow state and federal rules and requirements for operating a commercial motor vehicle;

z.     carelessly operating his motor vehicle, in violation of 75 Pa.C.S. § 3714;

aa.     violating the laws of the Commonwealth of Pennsylvania and the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Veer U. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count XI

## PLAINTIFF, VEER U. PANDYA v. DEFENDANTS, TRIPLE CROWN

## NEGLIGENCE

75.     Paragraphs 1 through 74 are incorporated herein by reference as though fully set forth at length.

76. Plaintiff Veer Pandya believes that the injuries and damages he suffered were caused by the negligent, careless and reckless conduct of Defendants, Triple Crown, and said conduct consisted of one or more of the following acts or omission of Defendants, Triple Crown:

a. Entrusting its motor vehicle to Defendant Korman for use when Defendants, Triple Crown, knew, or in the exercise of reasonable care, should have known that the Defendant Korman, was not capable of operating its motor vehicle safely and properly;

b. Entrusting its motor vehicle to Defendant Korman for use when the Defendants, Triple Crown, knew, or in the exercise of reasonable care, should have known that the Defendant Korman was going to drive the vehicle in an improper, dangerous and reckless manner;

c. Permitting Defendant Korman, to use its vehicle when Defendants, Triple Crown, knew, or should have known, that he did not have sufficient driving experience or know how to operate the vehicle safely and properly;

d. Failing to properly maintain its vehicle in a safe condition;

e.     Failing to ascertain whether Defendant Korman was capable of driving Triple Crown's motor vehicle safely and properly;

f.     Failing to properly train Defendant Korman;

g.     Permitting Defendant Korman to operate its motor vehicle when his driving record and history showed that he was not operating it safely;

h.     Permitting Defendant Korman to operate its motor vehicle when he was not properly qualified to operate a commercial motor vehicle;

i.     Failing to maintain its vehicle in a safe and proper manner before giving it to Defendant Korman to drive;

j.     Failing to inspect its vehicle to assure that it was roadworthy prior to giving it to the Defendant Korman, to operate;

k.     Failing to ascertain whether Defendant Korman could safely operate a tractor-trailer;

l.     Entrusting the tractor-trailer to Defendant Korman though Defendants, Triple Crown knew or should have known that Korman was not sufficiently skilled nor healthy to operate the tractor trailer;

m.      Hiring and employing Defendant Korman that Defendants, Triple Crown, knew or should have known that Defendant Korman was not sufficiently skilled, nor competent, nor healthy to safely operate the tractor-trailer

n.      Failing to ensure that Defendant Korman was in compliance with state and federal regulations for the operation of a commercial motor vehicle; and

o.      Failing to be in compliance with state and federal regulations for the operation of a commercial motor vehicle.

WHEREFORE, Plaintiff, Veer U. Pandya, demands compensatory damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count XII

## **PLAINTIFF, VEER U. PANDYA v. DEFENDANTS, TRIPLE CROWN**

## RESPONDENT SUPERIOR/VICARIOUS LIABILITY

77.    Paragraphs 1 through 76 are incorporated herein by reference as though fully set forth at length.

78.    Defendant Korman, at all times relevant and material hereto, was a servant, an employee, agent and/or ostensible agent of Triple Crown and was acting within the course and scope of his employment.

79.    Defendant Korman's willful, wanton, negligent, grossly negligent, careless and reckless conduct in causing the collision is imputable to his employer, Triple Crown.

80.    At all times relevant, Defendants, Triple Crown,  is vicariously liable to Plaintiff because Defendant Korman was driving Defendant's, Triple Crown, truck in the furtherance of its business and/or, in the alternative, because Defendant Korman was acting within the scope of his work, employment and/or agency with the Defendants, Triple Crown.

81. The Plaintiff believes and therefore avers that the conduct or lack thereof on the part of the Defendants, Triple Crown, in entrusting its motor vehicle to the Defendant Korman, was so reckless and careless that it was outrageous and/or wanton and was in such disregard of the risk of harm to the Plaintiff's interest that Plaintiff is entitled to punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, Veer U. Pandya, demands compensatory damages and punitive damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and cost of suit.

## Count XII

### PLAINTIFFS VS. ALL DEFENDANTS

### PROPERTY DAMAGES

82. Paragraphs 1 through 81 are incorporated herein by references as though fully set forth at length.

83. As a result of the aforesaid collision and negligence of Defendants, Triple Crown, and Korman, Plaintiffs' 2006 Honda Odyssey minivan received

significant damage and Plaintiffs have incurred vehicle and travel expenses to and from medical providers and suffered other pecuniary damages.

84. At the time of the subject motor vehicle accident, Plaintiffs were en route to a wedding. Accordingly, their vehicle contained a variety of personal items and chattels needed for the wedding and their trip, which were destroyed as a direct and proximate result of the collision. These items include but are not limited to:

a. Suite cases, bags, and purses;

b. Casual clothing;

c. Formal clothing;

d. Shoes, sandals, and slippers;

e. Sleepwear and undergarments;

f. Jewelry;

g. Sunglasses;

h. Cosmetics;

i. Toiletries;

j. Various electronics, including but not limited to, cell phones, GPS device, CDs, DVDs, laptop computer; Ipod, and RC device; and

k.    Cash.

85.    Plaintiffs have not been compensated for their property damage from any other source.

86.    Plaintiffs are entitled to recover property damages.

WHEREFORE, Plaintiffs, Upen A. Pandya, Madhuri, U. Pandya, Purva U. Pandya, and Veer U. Pandya, demand compensatory damages and punitive damages against Defendant, Milan Korman, individually, jointly, and/or jointly and severally with Defendants, Triple Crown, in excess of the arbitration limit, plus delay damages and taxable costs.

STOCK AND LEADER

Date:  May 21, 2014                By: _____

Gregory W. Bair, II, Esquire
PA 208156
Walter A. Tilley, III, Esquire
PA 37452
Susquehanna Commerce Center East
221 W. Philadelphia Street, Suite 600
York, PA 17401
Phone:       (717) 846-9800
Facsimile:  (717) 843-6134
gbair@stockandleader.com
Attorney for Plaintiffs