## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UPEN A. PANDYA and<br>MADHURI U. PANDYA, individually<br>and as husband and wife, and<br>PURVA U. PANDYA, individually,<br>and VEER U. PANDYA,<br>individually,<br><br>      Plaintiffs,<br><br>      v.<br><br>MILAN KORMAN and<br>TRIPLE CROWN SERVICES<br>COMPANY and<br>TCV, INC., t/d/b/a TRIPLE CROWN<br>SERVICES, a/k/a<br>TRIPLE CROWN SERVICES<br>COMPANY, and<br>TRANSWORKS, INC. t/d/b/a<br>TRIPLE CROWN SERVICES, a/k/a<br>TRIPLE CROWN SERVICES<br>COMPANY, and<br>TCS LEASING, INC. t/d/b/a<br>TRIPLE CROWN SERVICES, a/k/a<br>TRIPLE CROWN SERVICES<br>COMPANY,<br><br>      Defendants. | No. 5:14-cv-02304-JLS<br><br><br>CIVIL ACTION – AT LAW<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown

Services Company and TCS Leasing, Inc., by and through their attorneys, Rawle &

Henderson LLP, hereby Answers the Plaintiffs' Amended Complaint upon information and belief as follows:

1.      Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 1 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 1 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

2.      Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 2 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 2 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

3.      Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averment contained in paragraph 3 of plaintiffs' amended complaint and therefore, said averments are denied.

4.      Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averment contained in paragraph 4 of plaintiffs' amended complaint and therefore, said averments are denied.

5.     Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averment contained in paragraph 5 of plaintiffs' amended complaint and therefore, said averments are denied.

6.     Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averment contained in paragraph 6 of plaintiffs' amended complaint and therefore, said averments are denied.

7.     Admitted upon information and belief.

8.     Admitted.

9.     Denied as stated. Defendant Triple Crown is a Delaware general partnership. The two partners of Triple Crown are TCV, Inc., and Transworks, Inc. TCV, Inc. is incorporated in the State of Delaware and its principal place of business is the Commonwealth of Virginia. Transworks, Inc. is incorporated in the Commonwealth of Virginia and its principal place of business is in the Commonwealth of Virginia.

10.     Admitted in Part. Denied in Part. It is admitted that Defendant TCS Leasing, Inc. is an Oklahoma corporation. By way of further response, the remaining averments contained in paragraph 10 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

11.    Denied as stated. Defendant Triple Crown is a Delaware general partnership. The two partners of Triple Crown are TCV, Inc., and Transworks, Inc. TCV, Inc. is incorporated in the State of Delaware and its principal place of business is the Commonwealth of Virginia. Transworks, Inc. is incorporated in the Commonwealth of Virginia and its principal place of business is in the Commonwealth of Virginia.

12.    Defendants, Triple Crown Services Company, TCV, Inc., TCS Leasing, Inc., and Transworks, Inc. are hereinafter referred to as entities which are separate and distinct.

13.    Paragraphs 1 through 12 of Defendants' Answer are incorporated herein as though fully set forth at length.

14.    Denied. By way of further response, the averments contained in paragraph 14 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 14 of plaintiffs' amended complaint and therefore, said averments are denied.

15.    Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown

Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. By way of further response, after reasonable investigation, defendants have insufficient knowledge or information which to form a belief as to the truth of the remaining averments contained in paragraph 15 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 15 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

16.     Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. By way of further response, after reasonable investigation, defendants have insufficient knowledge or information which to form a belief as to the truth of the remaining averments contained in paragraph 16 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 16 of plaintiffs' amended complaint contain

conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

17.   Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averment contained in paragraph 18 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 18 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

18.   Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. By way of further response, after reasonable investigation, defendants have insufficient knowledge or information which to form a belief as to the truth of the remaining averments contained in paragraph 18 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 18 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

19.    Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, after reasonable investigation, defendants have insufficient knowledge or information which to form a belief as to the truth of the remaining averments contained in paragraph 19 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 19 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

20.    Denied. It is specifically denied that Defendant Korman acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 20 of plaintiffs' complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 20 of plaintiffs' complaint contain conclusions of law to

which no responsive pleading is required and if they are deemed otherwise, they are denied.

21.     Denied. It is specifically denied that Defendant Korman acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever. By way of further response, Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer.  Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 21 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 21 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

22.     Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 22 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 22 of plaintiffs' amended complaint contain conclusions of

law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

23.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 23 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 23 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

24.    (a – h) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 24 and subparagraphs of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 24 and its subparts of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

25.    (a – h) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants

have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 25 and its subparts of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 25 and its subparts of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

26.   (a – g) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 26 and its subparts of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 26 and its subparts of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

27.   (a – e) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 27 and its subparts of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 27 and its subparts of plaintiffs'

amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

28.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 28 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 28 plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

29.    Denied.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 29 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 29 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

30.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averment contained in paragraph 30 of plaintiffs' amended complaint and

therefore, said averments are denied. By way of further response, the averments contained in paragraph 30 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

31.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 31 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 31 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

32.    Denied. It is specifically denied that Defendant Milan acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 32 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 32 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

33.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 33 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 33 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

34.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 34 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 34 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

35.    Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 35 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 35 of plaintiffs' amended

complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

36.     Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 36 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 36 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

37.     Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 37 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 37 of plaintiffs' complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

38.     Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 38 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 38 of plaintiffs' amended complaint contain conclusions of

law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

39.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 39 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 39 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

40.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 40 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 40 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

41.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have

insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 41 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 41 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

42.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 42 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 42 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

43.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.   Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 43 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 43 of plaintiffs' amended complaint contain conclusions of

law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

44.     Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 44 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 44 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

45.     Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 45 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 45 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

**COUNT I**

46.    Paragraphs 1 through 45 of Defendants Answer are incorporated herein by references as though fully set forth at length.

47.    (a – aa) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 47 and subparagraphs of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 47 and subparagraphs of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT II

48.    Paragraphs 1 through 47 of Defendants' Answer are incorporated herein by reference as more fully set forth at length.

49.    (a – o) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 49 and subparagraphs of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.  Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 49 of plaintiffs' amended complaint and therefore, said averments are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III

50.    Paragraphs 1 through 49 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

51.    Admitted in part and denied in part. Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the

tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever By way of further response, the averments contained in paragraph 51 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

52.   Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 52 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

53.   Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 53 of plaintiffs' amended complaint contain

conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

54.      Denied. Plaintiff possesses no information to support these allegations and strict proof thereof is demanded at trial.  It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  It is specifically denied that Plaintiff is entitled to punitive damages. By way of further response, the averments contained in paragraph 54 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV

55.      Paragraphs 1 through 54 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

56.      (a – aa) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  Defendants

have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 56 and subparagraphs of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 56 and subparagraphs of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V

57.     Paragaphs 1 through 56 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

58.     (a – o) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 58 and subparagraphs of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VI

59.     Paragraphs 1 through 58 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

60.     Admitted in part and denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 60 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

61.     Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently or carelessly whatsoever.  By way of further response, the averments contained in paragraph 61 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

62.     Admitted in part and denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 62 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

63.     Denied. Plaintiff possesses no information to support these allegations and strict proof thereof is demanded at trial. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently or carelessly whatsoever.  It is specifically denied that Plaintiff is entitled to punitive damages. By way of further response, the averments contained in

paragraph 63 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VII

64.    Paragraphs 1 through 63 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

65.    (a-aa) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently or carelessly whatsoever.  By way of further response, the averments contained in paragraph 65 and subparagraphs of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that

this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VIII

66.    Paragraphs 1 through 65 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

67.    (a – o) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 67 and subparagraphs of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IX

7337020-1

68.     Paragraphs 1 through 67 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

69.     Admitted in part and denied in part. Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 69 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

70.     Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 70 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

71.     Admitted in part and denied in part. Admitted in part, denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the

tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 71 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

72.    Denied. Plaintiff possesses no information to support these allegations and strict proof thereof is demanded at trial.  It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 72 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT X

73.     Paragraphs 1 through 72 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

74.     (a-aa) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently or carelessly whatsoever.  By way of further response, the averments contained in paragraph 74 and subparagraphs of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT XI

75.     Paragraphs 1 through 74 of Defendants' Answer are incorporated herein by reference as though fully set forth at length.

76.     (a – o) Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 76 and subparagraphs of

plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT XII

77.    Paragraphs 1 through 76 are incorporated herein by reference as though fully set forth at length.

78.    Admitted in part and denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. By way of further response, the averments contained in paragraph 78 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

7337020-1

79.     Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 79 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

80.     Admitted in part and denied in part. It is admitted only that Milan Korman was an independent owner operator and was operating a motor vehicle on or about May 25, 2012. Milan Korman owned the tractor and Triple Crown Services Company owned the trailer. It is further admitted that Milan Korman was operating the tractor-trailer under the authority provided to Triple Crown Services Company. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 80 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

81.     Denied. Plaintiff possesses no information to support these allegations and strict proof thereof is demanded at trial.   It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently, or carelessly whatsoever.  By way of further response, the averments contained in paragraph 81 of plaintiffs' amended complaint contain conclusions of law to which

no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT XII

82.    Paragraphs 1 through 81 of Defendants' Answer are incorporated herein by reference as though fully set forth at length

83.    Denied. It is specifically denied that Defendants acted negligently, willfully, wantonly, recklessly, grossly negligently, or carelessly whatsoever. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 83 of plaintiffs' amended complaint and therefore, said averments are denied. By way of further response, the averments contained in paragraph 83 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

84.     (a – k) Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 84 and subparagraphs of plaintiffs' amended complaint and therefore, said averments are denied.

85.     Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 85 of plaintiffs' amended complaint and therefore, said averments are denied.

86.     Denied. By way of further response, the averments contained in paragraph 86 of plaintiffs' amended complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

WHEREFORE, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs, and grant such other and further relief as this Honorable Court deems just and proper.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No omission or conduct on the part of the Defendants contributed to Plaintiffs' injuries and damages, if any.

### THIRD AFFIRMATIVE DEFENSE

The negligence of Plaintiffs either bars Plaintiffs' right to recover completely or reduces their claims based upon the extent of Plaintiffs' negligence under the doctrine of comparative negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged accident was proximately caused, in whole or in part, by the fault of third parties for whom the defendants are not legally responsible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of any damages or injuries, and therefore, plaintiffs' claims are barred or limited.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

The damages complained of by Plaintiffs pre-existed or are unrelated to the accident.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, were the result of an unreasonable accident, sudden emergency, or Act of God.

## NINTH AFFIRMATIVE DEFENSE

Service of process was improper and/or insufficient.

## TENTH AFFIRMATIVE DEFENSE

This Honorable Court lacks jurisdiction over the defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Venue is improper/inconvenient.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against TCV, Inc., Transworks, Inc., and TCS Leasing, Inc. are barred in whole or in part by the Graves Amendment, 49 U.S.C. § 30106.

**WHEREFORE**, Defendants, Milan Korman, TCV, Inc., Transworks, Inc., Triple Crown Services Company, and TCS Leasing, Inc., respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, deny the relief requested therein, grant judgment in favor of defendants and against the Plaintiffs,

and grant such other and further relief as this Honorable Court deems just and proper.

## <u>REQUEST FOR JURY TRIAL</u>

The defendants hereby request a trial by jury on all issues that are triable.

Respectfully submitted,

RAWLE & HENDERSON LLP

By:   _____
By:  Gary N. Stewart
Identification No.: 67353
By:  Michael T. Traxler
Identification No.: 90961
*Attorneys for Defendants*
Milan Korman, TCV, Inc.,
Transworks, Inc., Triple Crown
Services Company, and TCS Leasing,
Inc.

Payne Shoemaker Building, 9th Fl.
240 North Third Street
Harrisburg, Pennsylvania 17101

(717) 234-7700
(717) 234-7710
Date:  7/8/14                    Our File No. 250799

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned document was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Gregory W. Bair, II, Esquire
Stock and Leader LLP
221 W. Philadelphia Street
Suite E600
York, PA 17401

RAWLE & HENDERSON LLP

By:  _____
Gary N. Stewart
Identification No.: 67353
Michael T. Traxler
Identification No.: 90961
*Attorneys for Defendants*
Milan Korman, TCV, Inc.,
Transworks, Inc., Triple Crown
Services Company and TCS Leasing,
Inc.

Date: 7/8/14

7337020-1